UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY T.,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No. 2:24-cv-11803
Honorable Anthony P. Patti

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND (ECF No. 9), DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11), and REMANDING THIS MATTER TO THE COMMISSIONER OF SOCIAL SECURITY FOR ACTION CONSISTENT WITH THIS DECISION</u>**

On July 11, 2024, Plaintiff Judy T. (JT) brought this action under 42 U.S.C. §§ 405(g) and/or 1383(c)(3) for review of the final decision of the Commissioner of Social Security ("Commissioner"). The parties have consented to my jurisdiction to handle this case through entry of a final judgment. (ECF No. 8.)

Currently before the Court is Plaintiff's motion for summary judgment (ECF No. 9), which identifies a single issue – *i.e.*, "[t]he ALJ failed to sufficiently articulate how she considered the medical opinion from Dr. Terry Rudolph, Ph.D." (ECF No. 9, PageID.891, 900-913.) The Commissioner filed a cross-motion for summary judgment (ECF No. 11), and Plaintiff has filed a reply (ECF No. 12).

On August 20, 2025, the Court conducted a video conference hearing (*see* ECF No. 15), at which Attorney Bethany Versical and Assistant United States Attorney Jeremiah Hayes appeared. Following oral argument, the Court set forth the standard of review on the record and issued its ruling from the bench.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for summary judgment is **GRANTED** (ECF No. 9) and Defendant's motion for summary judgment is **DENIED** (ECF No. 11). In particular, the Court notes: (1) the ALJ's treatment of the supportability factor (20 C.F.R. § 1520c(c)(1)) warrants remand, because she failed to sufficiently articulate her consideration of the supportability of Dr. Rudolph's opinion within the written decision (*see also* ECF No. 12, PageID.938-940);[1] and, (2) the ALJ's error in failing to articulate her supportability finding was

---

[1] *See White v. Kijakazi*, No. 3:22-CV-0764, 2023 WL 3440264, at *8 (M.D. Tenn. May 12, 2023) ("The ALJ offered a summary of the opinion, but did not mention the supportability factor at all, let alone provide an analysis of whether he found the opinion to be supportable.") (internal footnote omitted), *report and recommendation adopted sub nom. White v. Soc. Sec. Admin.*, No. 3:22-CV-764, 2023 WL 3829691 (M.D. Tenn. June 5, 2023); *Fancher v. Kijakazi*, No. 2:20-CV-198-TRM-JEM, 2022 WL 824024, at *12 (E.D. Tenn. Feb. 18, 2022) ("Simply detailing the findings of an opinion without providing any analysis or rationale or even mentioning the supportability factor prevents the Court from finding that the ALJ's analysis of Dr. Hopko's opinion is supported by substantial evidence."), *report and recommendation adopted sub nom. Fancher v. Comm'r of Soc. Sec. Admin.*, No. 2:20-CV-198, 2022 WL 824441 (E.D. Tenn. Mar. 17, 2022); and, *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 907 (E.D. Mich. 2021)

not harmless and Dr. Rudoph's opinion was not patently deficient (*see* ECF No. 9, PageID.905-908; *see also* ECF No. 6, PageID.49, 82, 690).[2]

The Commissioner's statement at oral argument that nothing was unsupportable within Dr. Rudolph's findings essentially asks the Court to engage in a tortured reading of the ALJ's pronouncement that, "Dr. Rudolph's disabling opinion is inconsistent with and *unsupported* by the record as a whole . . . [,]" (ECF No. 6-1, PageID.44 (emphasis added)), because it invites the Court to: (1) read the word *unsupported* to have the opposite meaning, *i.e.*, *supported* (or at least credit the ALJ with having found the opinion to be supported, notwithstanding her plainly writing that it is "unsupported;" (2) not link the word *unsupported* with the phrase "record as a whole . . . [;]" (3) eliminate the ALJ's actual use of the word "unsupported" as superfluous; and/or, (4) find that the summary of findings and conclusions immediately preceding it should also suffice as an explanation and analysis as to why Dr. Rudolph's opinion was internally supportable, even though the words *supported* and *supportable* are nowhere utilized, except within the word

---

(Lawson, J.) ("where that summary included both supportive and contradictory information, it does little to explain the ALJ's reasoning or to 'provide sufficient rationale for a reviewing adjudicator or court.'") (quoting *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021)).

[2] Indeed, at the hearing, government counsel clarified that the Commissioner was not making a harmless error argument.

*unsupported*. As this Court has recognized, "[a]n 'ALJ's failure ... to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [claimant's] disability determination was supported by substantial evidence.'" *Hardy*, 554 F. Supp. 3d at 906 (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20-1119, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021)). <u>Words matter</u>. Here, even though the ALJ expressly states that Dr. Rudolph's "disabling opinion is inconsistent with and unsupported by the record as a whole . . . [,]" (ECF No. 6, PageID.44), the Court cannot discern the ALJ's basis for this finding. Thus, Plaintiff is entitled to remand as to the ALJ's treatment of Dr. Rudolph's opinion, including but not limited to the supportability and consistency factors (*see* 20 C.F.R. § 1520c(c)). The need to do this re-evaluation is all the more necessary because the ALJ "appeared to conflate these requirements . . . [,]" *Deanna B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-0064, 2024 WL 445391, at *4 (S.D. Ohio Feb. 6, 2024); thus, the Court cannot tease out either what the ALJ believes is or is not supported by Dr. Rudoph's record or what the ALJ believes is or is not consistent about Dr. Rudoph's opinion compared to the "record as a whole[.]"

Accordingly, this matter is **REMANDED** to the Commissioner of Social Security for action and the Commissioner **SHALL** take action consistent with this opinion, including but not limited to the following specific directions that the ALJ must:

4

- Reevaluate the opinion of Dr. Rudolph and be very clear as to whether the ALJ finds that opinion to be <u>supported or unsupported and consistent or inconsistent</u> (*see* 20 C.F.R. § 1520c(c)(1),(2)), *including but not limited to*: (1) a fuller explanation and reconsideration of the activities of daily living (ADLs) and any inconsistencies seen in that regard under 20 C.F.R. § 404.1520b; (2) a fuller explanation of why psychomotor agitation should be linked to "situational stressors" rather than to declining mental health or mental impairment; and, (3) an analysis and basis for all findings.

- Reconsider how Dr. Rudolph's opinion should be treated (e.g., persuasive, unpersuasive).

- Conduct a new hearing with a vocational expert to reconsider hypotheticals (see ECF No. 6, PageID.77-83) in light of the new analysis.[3]

**IT IS SO ORDERED.**

Dated:  August 22, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] In doing so, the ALJ must assure that the hypothetical found at ECF No. 6-1, PageID.82 (regarding "difficulty registering, recalling and carrying out one-step and simple two-step directions"), if re-utilized, lines up with the answer, *i.e.*, that an answer is received that is completely responsive to the question.